## Township of Kingston, Plff. in Err., v. Patrick Gibbons and Wife, in Right of the Wife.

In Pennsylvania the rule has not been adopted that the burden of proof is on the plaintiff to show absence of contributory negligence, and ordinarily, where plaintiff makes out a case, the burden of showing contributory negligence is on the defendant.

---

NOTE.—The use of a bridge, known not to be in good condition, but not closed to the public, is not necessarily contributory negligence. Humphreys v. Armstrong County, 56 Pa. 204; Sheridan v. Palmyra Twp. 180 Pa. 439, 36 Atl. 868. Whether the injury was the result of plaintiff's conduct in failing to take another route is usually for the jury (Mechesney v. Unity Twp. 164 Pa. 358, 30 Atl. 263); though the evidence may require a nonsuit (Clulow v. McClelland, 151 Pa. 583, 17 L. R. A. 650, 25 Atl. 147); or the direction of a verdict for the defendant (Haven v. Pittsburgh & A. Bridge Co. 151 Pa. 620, 25 Atl. 311).

A party is not as a matter of law negligent in passing over a bridge, which is part of a highway, which he had a week or ten days previously noticed was defective; he might have presumed that the defect previously observed by him had been removed, or he may have forgotten it; and the jury might impute his forgetfulness to other causes than negligence.

Where a bridge looks all right, a previous knowledge of defects in it by a party injured in passing over it, will not render his passing over it negligence on his part.

It is not error to refuse to charge the jury, in such case, that if they believe there was any other safe and accessible route to plaintiff's destination than over such bridge "it was his duty under the circumstances to adopt that route, and failing to do so he cannot recover."

It is not error to refuse to charge the jury that plaintiff must be presumed to have noticed a defect in the bridge, when the evidence showed that the defect was sometimes covered up and then it looked all right, and its appearance at the time of the injury was not shown.

(Decided October 4, 1886.)

Error to the Common Pleas of Luzerne County to review a judgment on a verdict for plaintiff in an action of trespass on the case to recover damages for personal injuries.    Affirmed.

Plaintiff was injured, while walking on defendant's highway, by the giving away or turning over of a defective plank on a bridge over a culvert, and brought this action to recover damages for such injuries.

At the trial in the court below WOODWARD, A. L. J., charged the jury, *inter alia,* as follows:

"There are several cases to which our attention has been called, in the argument of this case by the learned counsel, where it has been held that the party had the knowledge and must have had it.    These were such cases, to illustrate, as arose out of the existence of a pit or chasm in a public road, or of a snowbank, or of ice on a sidewalk, all of which were apparent and visible.    Was this case like these?    The plaintiff claims not. [She alleges that on the day in question this bridge was apparently safe; that the planks over it were level and in place; and it would seem from all the evidence in this case that the defect in this bridge was of such a character that there were

times when it seemed to be safe]—when the planks seemed to be in place—and other times when the bridge seemed to be dangerous and the planks out of place. Therefore, in this regard the case is a peculiar one, and somewhat unlike any one to which our attention has been called. Now, it is admitted—has been proved in the case—that the plaintiff had seen this bridge some days before when it was out of order—when a plank was out of place in it; that she had known or seen teamsters approach it and get out and fix it, and then drive over it. But she insists that on the day in question the bridge was apparently in good order and safe for use. And Mrs. Mulligan, who was with her at this time, corroborates her in this statement; in other words, that there was nothing in the appearance of the bridge to indicate danger on that day. [Now, we feel bound to say to you, gentlemen, that if on the day of the accident, when Mrs. Gibbons and Mrs. Mulligan approached this culvert, the bridge over it was apparently in good order, they had a right to assume that the previous defects in it had been repaired, and to step upon the planks composing it, although the plaintiff had known some days before of the dangerous character of the bridge.] As is said in one of the cases to which the counsel has referred, a bridge is not like a pit or a slippery pavement; it may be dangerous and yet the danger not be apparent. [And if a person, exercising ordinary care in approaching such a crossing, is guilty of no negligence, and steps upon a bridge apparently in good order, and meets with an accident, we take the responsibility of saying that under such circumstances the defendant has no defense founded on this branch of the case.] But, on the contrary, if this plaintiff did know that the bridge was out of order, if it remained out of order on the day when the accident occurred, and she neglected care, or forgot what she had formerly known in regard to the condition of the bridge, then she would be guilty of concurring negligence, and no matter how negligent the defendant had been, she could not recover in this action. It is hardly necessary to say that if she did see the danger, and went with her eyes open into it wilfully, of course, in that event there should be no recovery."

The jury rendered a verdict for the plaintiff, and defendant took this writ, specifying as errors 8, 2 and 3 respectively those portions of the charge enclosed in brackets, and also:

1. The court erred in negativing defendant's first point, which is as follows: That under all the evidence the verdict should be for the defendant.

*Ans.* That point we cannot affirm.

4. The court erred both in the character and substance of the answer to the defendant's fourth point, as follows: That it appearing from plaintiff's own testimony that she knew that a plank over the culvert was loose and liable to move out of place, during three months and up to eight days before the accident, and had not seen it fixed, although she had lived close by the culvert, it was her duty to exercise more caution in crossing the culvert than a person is called upon to exercise when crossing a culvert which she has not known to be defective; and if she did not exercise such extra precaution, she cannot recover in this action.

*Ans.* With such qualifications as may be imposed upon that point by our general charge, we affirm it.

5. That the court erred in its answer to the defendant's sixth point, which was as follows: That if the jury believed the testimony of John McGuire, one of the plaintiff's witnesses, that the defect in the culvert was caused by a piece of the plank, on the southerly or Plymouth side of the road, 6 inches wide and about 6 feet long, being split off, then it was the duty of the plaintiff, who had frequently seen this opening or hole in the culvert, to have walked on the northerly or Kingston side, and failing so to do she cannot recover.

*Ans.* With such qualifications as are imposed upon this point by our general charge, we affirm it.

6. That the court erred in its qualified answer to defendant's eighth point, which was as follows: That if the jury believe there was any other safe and accessible route to her destination than over this culvert, it was her duty under the circumstances to adopt that route, and failing so to do she cannot recover.

*Ans.* We say in regard to that point that if the circumstances or facts of the case are as assumed by the defendant, then the point would be well taken; and with that qualification it can be affirmed.

7. That the court erred in disaffirming the plaintiff's seventh point, as follows: That if the jury believe the evidence of John

Lohman, another of plaintiff's witnesses, that the middle plank of the culvert was so warped or twisted as to stick up seven or eight inches above the other planks, up to the date of the accident, then the defect was such that plaintiff must be presumed to have noticed it, and it was her duty to have stepped over it or gone around it; and if she stepped on it under such circumstances, knowing that it was frequently moved out of place, and it turned under her weight, she was guilty of contributory negligence, and cannot recover.

*Ans.* Because this point asks us to charge you that the plaintiff must be presumed to have noticed it, we do not feel at liberty to affirm it.    The point is disaffirmed.

9. That the court erred in affirming the plaintiff's third point which was as follows:   In assessing the damages to which Mrs. Gibbons is entitled, the jury are to allow not only for the pain and suffering which she has already endured, bodily and mentally, but also for what she may experience in the future.

· *Ans.*   That point we affirm.   We may have something to say to you about the measure of damages in conclusion.

"In conclusion" the court charged as follows, on this point: "But we say to you further, that if you decide to find for the plaintiff, you may allow her damages for all pain and suffering, bodily and mental, which she has already endured, or is likely to experience in the future through her life, as the direct result of the injury."

10. The court erred in rejecting the defendant's offer of testimony, James Oakley, supervisor, being the witness, which was as follows:   *Q.* How many miles of road did you have in your care?    Objected to as immaterial.    Defendant's counsel states that the purpose of the offer is to show that Kingston township covered a large number of miles of country roads, "and was not susceptible of being watched in all its parts by the supervisor; this, to negative the idea of constructive notice to the township of a defect in the condition of the culvert."   Plaintiff objects that it is immaterial how many miles of road are in the township, it appearing in the testimony that this bridge was permitted to be in a defective condition for from two to three months previous to the accident.

The Court: If it were offered to show that a defect in the

bridge had existed for only a short time, the evidence might, in our judgment, be admitted; but the undisputed proof being that the imperfection, whatever it was, had existed for two or three months, we do not think the size of the township, or the number of miles to be looked after by one of the supervisors in the division of labor between them, would be any defense in such a case as the present.    The objection is therefore sustained, exception noted and bill sealed for defendant.

Further facts are set out in the opinion.

*Dickson & Atherton,* for plaintiff in error.—Previous knowledge of a defect in a highway, coupled with evidence, by the plaintiff, showing no greater caution than is exercised by a traveler under ordinary circumstances, is fatal to the plaintiff's case.    Crafts v. Boston, 109 Mass. 519; Coates v. Burlington, C. R. & N. R. Co. 62 Iowa, 486, 17 N. W. 760; Adams v. Carlisle, 21 Pick. 146; Merrill v. Hampden, 26 Me. 234–240; Farnum v. Concord, 2 N. H. 393.

Care is a relative term, or conveys a different idea, where danger is to be apprehended, from that which is necessary where none is to be expected.    Pennsylvania R. Co. v. Ogier, 35 Pa. 72, 78 Am. Dec. 322.

The burden rests on the plaintiff of proving two facts: an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff. Butterfield v. Forrester, 11 East, 60.

Where one has knowledge of an open cellar way, and attempts to pass it in the night time, he is guilty of negligence *per se.* Bruker v. Covington, 69 Ind. 33, 35 Am. Rep. 202; Mt. Vernon v. Dusouchett, 2 Ind. 586, 54 Am. Dec. 467.

Yet, night and day are alike to one who fails to use the light to avoid a known defect.    When there exists a dangerous defect in a highway, of which a party is informed, he must avoid it. Fleming v. Lock Haven, 15 W. N. C. 216; Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Forks Twp. v. King, 84 Pa. 230; Pittsburgh Southern R. Co. v. Taylor, 15 W. N. C. 37.

Why should plaintiff stand in any more favorable light than an employee who knows a place to be dangerous, fails to make

known that fact, and therefore assumes all risk of accident. Wannamaker v. Burke, 111 Pa. 423, 17 W. N. C. 225, 2 Cent. Rep. 283, 2 Atl. 500.

The plaintiff has proved that this culvert was "dangerous all the time;" that the middle plank was warped and twisted; that it stuck up seven to eight inches above the roadway, and that "it never would lie flat." These facts are binding on the plaintiff. She was therefore bound to notice the defect, and avoid it. She is presumed to have noticed it, under such circumstances, because the failure to observe it would show inattention and negligence. Lancaster v. Kissinger, 11 W. N. C. 151; King v. Thompson, 87 Pa. 369, 30 Am. Rep. 364; Wilson v. Charlestown, 8 Allen, 137, 85 Am. Dec. 693; Raymond v. Lowell, 6 Cush. 536, 53 Am. Dec. 57.

Such a state of affairs may look "all right" to her, but the law requires her to be judged by the standard of caution which a prudent person would exercise under the circumstances. To substitute her own standard would be to abolish all law on the subject. Vaughan v. Menlove, 7 Car. & P. 525.

It is no longer an open question as to the propriety or logical accuracy of the rule laid down in Dean v. New Milford Twp. 5 Watts & S. 545.

But it is proper to consider how much greater the necessity is for requiring plaintiff to show a complete case, free from all negligence on her part, in an action against a township, than in actions against private corporations, which are so much better organized for protection against fraud. Pennsylvania R. Co. v. Beale, 73 Pa. 509, 13 Am. Rep. 753.

We were entitled to an unqualified affirmance of this fourth point, and being so entitled, it was error to indefinitely qualify. Lancaster v. Kissinger, 11 W. N. C. 153; Allegheny Valley R. Co. v. Steele, 11 W. N. C. 113; Hays v. Paul, 51 Pa. 134, 88 Am. Dec. 569.

There is no need to show detailed knowledge of a defect by the plaintiff. It is sufficient if the evidence shows she had "reasonable ground to apprehend" danger. Folsom v. Underhill, 36 Vt. 591, 592.

The seventh assignment raises the question whether a foot traveler will be presumed, as matter of law, to have observed a

defective plank so warped as to stick up sideways six inches above the roadway.

This court has always assumed the traveler's knowledge of a plainly visible defect. King v. Thompson, 87 Pa. 369, 30 Am. Rep. 364; Fleming v. Lock Haven, 15 W. N. C. 216; Dehnhardt v. Philadelphia, 15 W. N. C. 214; Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Raymond v. Lowell, 6 Cush. 536, 53 Am. Dec. 57.

*James L. Lenahan* and *John T. Lenahan,* for defendants in error.—Where a bridge is in a dangerous condition, it is the duty of the town to give notice to travelers by a barrier across the road, or in some other reasonable way. Wharton, Neg. § 975; Erie City v. Schwingle, 22 Pa. 384, 60 Am. Dec. 87; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Humphreys v. Armstrong County, 56 Pa. 204.

The language used by the court below and made the subject of complaint in the second and third assignments of error was a correct statement of the law. Wharton, Neg. § 403.

The court should make such qualification as will adapt the instructions to facts. Hays v. Paul, 51 Pa. 135, 88 Am. Dec. 569; Killion v. Power, 51 Pa. 429, 91 Am. Dec. 127.

In answering a point put so as to meet the view of the party making it, or so as to meet only part of the facts in evidence, it is not error, but the duty of the court, to frame its answer so as to be applicable to the case trying and the evidence given. Utt v. Long, 6 Watts & S. 174; Selin v. Snyder, 11 Serg. & R. 319.

The existence of a defect in a highway for far less time than three months has been held to be constructive notice of its existence. Kibele v. Philadelphia, 105 Pa. 41; Fritsch v. Allegheny, 91 Pa. 226; Farley v. City, 11 W. N. C. 136; Bill v. Norwich, 39 Conn. 222.

OPINION BY MR. JUSTICE TRUNKEY:

For about three months before the accident the planks on the culvert were loose, and one was warped and twisted so as to be easily displaced by a passing wagon, or turned over by a person or horse stepping on the side of it. The plaintiff resided near the culvert, and had frequently noticed its defective and danger-ous condition. Travelers were sometimes compelled to stop and

put the planks in place before they could drive over.   When the planks were placed, the culvert often appeared safe, but they were liable to be thrown out at any time by use of the highway. The plaintiff had not noticed the culvert for a week or ten days prior to the accident.   At that time it appeared safe; Mrs. Mulligan, who was with her, safely passed, and the plaintiff following was caught as if by a trap, and seriously injured.   There was no other way for the plaintiff to go on her errand, unless over the gutter, which was unsafe for a woman in her condition; and over the gutter was a way which nobody was likely to take when traveling in the same direction.

The supervisors during all the spring had not seen the culvert, and had neglected to ascertain whether the road, one much traveled, was in repair.   Soon after the accident one of the supervisors was notified.   He says he went, found the culvert in bad repair, and built a new one.

These are the facts which the jury were warranted in finding; most of them uncontroverted, and as to those which were controverted the situation was to be settled by the jury.   This case is not like Crafts v. Boston, 109 Mass. 519, where a man having knowledge of an open ditch by the side of the way and of ample room in the way, drove into the ditch, and there was no evidence of care on his part.   But in Pennsylvania the rule has not been adopted that the burden of proof is on the plaintiff to show absence of contributory negligence.

Where the gravamen of the action is the alleged negligence of the defendant, it is incumbent on the plaintiff to show a case clear of contributory negligence on his part.   Lancaster v. Kissinger, 11 W. N. C. 151.

It is enough that he makes out a case against the defendant, without showing that his own want of due care under the circumstances also contributed to the injury.   The burden of proving want of ordinary care rests upon the party alleging it, and ordinarily the burden of showing contributory negligence is on the defendant.   Mallory v. Griffey, 85 Pa. 275; Brown v. Gilmore, 22 Pa. 40.

A week or ten days had elapsed from the time the plaintiff had seen the culvert in bad condition.   She might have presumed that the defect previously observed by her had been re-

moved.    Aside from that, she may have forgotten, and the jury might impute her forgetfulness to other causes than negligence. The culvert was safe in appearance as she testified she was walking with a neighbor who passed before her, and if she thought about it at all, she probably thought it had been repaired. Where the traveler from mere foolhardiness, knowing that a defect exists, rushes against it, when he also knows it can be avoided by taking another way which is safe and convenient, he has no case for damages.    Wharton, Neg. § 403.

In Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739, the majority of the court, believing that the plaintiff not only had knowledge of the dangerous obstruction before the day of the accident, but also that she actually saw it at and immediately before her attempt to walk over it, as shown by her own testimony, held that it was error to submit the question of contributory negligence to the jury.    Had the danger not been plainly visible, and her own testimony not have shown she saw it when she began the attempt to cross it, the facts would have been for the jury.

Fleming v. Lock Haven, 15 W. N. C. 216, is a case where the plaintiff unequivocally testified that at the instant of her attempt to cross the danger, as well as when she left her house, she knew both the danger and a safe way around it.    In the pending case the plaintiff saw that the culvert looked all right—she is corroborated by a witness who was with her—and at least a week had passed since the plaintiff had noticed the defect.

Clearly, the defendant's first point, namely, "that under all the evidence the verdict should be for the defendant," was rightly refused.    Nor are we convinced that the court erred in the instructions to the jury.    Few, if any, of the assignments present even the appearance of error, when the matter complained of is read with the context.

The defendant's sixth point ought to have been refused.    Its affirmance with qualification was not harmful to defendant.    The point did not fairly state the whole pith of McGuire's testimony. He plainly said that the split plank was laid level sometimes and then it looked all right; also, that "when this plank was laid in place, there was no hole there" and "the bridge looked all right."    Had this fact been inserted in the point, the court would not have affirmed it.

Nor was it error to refuse the defendant's seventh point. Lohman said the plank was covered up sometimes and then it looked all right. His last answer was "A board was over it sometimes, so that it was passable;" and he did not testify what was the appearance of the culvert on the day the plaintiff was hurt.

The tenth assignment cannot be sustained.

Judgment affirmed.