Thomas LaPage vs. Benjamin J. Hill.

Androscoggin.   Opinion January 16, 1895.

*Insolvency.   Warrants.   Seizure.   Fraudulent Sale.   Officer.   Damages.*

An officer, under a warrant from the insolvent court, commanding him to take the property of the insolvent, may not lawfully take chattels that the insolvent had conveyed away prior to his insolvency, even in fraud of creditors; and in a suit by the purchaser thereof against such officer, he cannot set up in bar of the action that such conveyance was made in fraud of creditors, but in reduction of damages only.

On exceptions.

This was an action of trespass brought by the plaintiff against the sheriff of Androscoggin county to recover damages for the act of his deputy in seizing the plaintiff's goods as the property of one Beliveau by virtue of a warrant and injunction issued by the Court of Insolvency.

The plea was the general issue with a brief statement in which the defendant justified as an officer, viz., as messenger of the Court of Insolvency, and denied the plaintiff's title to the property in question.

At the trial the evidence tended to show that Beliveau, having liabilities to the amount of thirty-five hundred dollars, executed a bill of sale dated March 24th, A. D., 1893, to LaPage, the plaintiff, and put him in possession of his entire stock of groceries, books of account, etc., the consideration being one thousand five hundred and ninety-two dollars, of which sum one hundred dollars was paid down and a mortgage for the balance, payable at the rate of fifty dollars a month, given. Both papers were duly recorded.

Four days after the execution of the papers, viz., March 28th, the creditors of Beliveau petitioned him into insolvency, and on the following day the defendant, acting by virtue of the warrant and injunction of the Court of Insolvency, by his deputy, Benjamin F. Beals, seized the property above mentioned as the property of Beliveau.

The testimony of the defendant tended to show that the sale and transfer of the property was in fraud of the creditors of Beliveau and therefore void. The jury found for the defendant.

The following instruction was asked for by the plaintiff: "Even if the transfer was fraudulent as to the creditors it was valid as between the parties, and the officer, having notice of such transfer, exceeded his authority in ousting LaPage from possession. The action should be by the assignee to set aside the fraudulent transfer as provided by the statute."

The presiding justice refused the instruction and the plaintiff excepted.

*F. L. Noble and R. W. Crockett*, for plaintiff.
*George C. Wing*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

HASKELL, J. Trespass against the sheriff for the act of his deputy in taking, under a warrant from the insolvent court, property that the insolvent had conveyed and delivered to the plaintiff prior to the insolvent proceedings.

Defense, that the conveyance was in fraud of creditors and therefore void.

"A conveyance made in fraud of creditors is valid between the parties, and can be avoided only by creditors, or by the assignee in insolvency representing them; and, if he affirms it, it stands good." *Freeland* v. *Freeland*, 102 Mass. 477; *Butler* v. *Hildreth*, 5 Met. 49; *Snow* v. *Lang*, 2 Allen, 18; *Harvey* v. *Varney*, 98 Mass. 118; *Drinkwater* v. *Drinkwater*, 4 Mass. 353; *Randall* v. *Phillips*, 3 Mason, 388; *Nichols* v. *Patten*, 18 Maine, 231; *Ellis* v. *Higgins*, 32 Maine, 34; *Thompson* v. *Moore*, 36 Maine, 47; *Andrews* v. *Marshall*, 43 Maine, 272; *Same case*, 48 Maine, 26.

When insolvency intervenes, the assignee only may attack the conveyance, or he may confirm it. By operation of law he becomes invested with only such rights as the insolvent had, except in cases of fraud. *Herrick* v. *Marshall*, 66 Maine, 435;

*Williamson* v. *Nealey*, 81 Maine, 447. The warrant from the insolvent court ran against the property of the insolvent, not property that he had conveyed away, in fraud of creditors, if you please, for that no longer remained his property. The legal title had passed from him by the conveyance, and the title so conveyed could only be disturbed by due process of law, process that ran against the grantee. In *Andrews* v. *Marshall*, *supra*, 43 Maine, 272, an officer attached a stock of goods that the debtor had mortgaged, and was sued for their value by the mortgagee. The officer set up in defense that the mortgage was in fraud of creditors and void; but the court held that, although it might have been in fraud of creditors, it was not void, but valid between the parties, and therefore not to be attached as the property of the debtor who had conveyed it away. The court says: "Suppose a creditor had taken possession of the property without the intervention of an officer, could he have justified as a creditor against a suit of the vendee?' It was decided in *Osborne* v. *Moss*, (7 Johns. 161, citing *Hawes* v. *Leader*, Cro. Jac. 270, and Yclv. 196, and *Anderson* v. *Roberts*, 18 Johns. 527,) where that question was directly raised, that he could not. If not, can he be aided by the illegal acts of an officer? An affirmative answer would mar the whole symmetry of the common law, which, notwithstanding all that has been said to the contrary, approaches nearer to the 'perfection of reason' than many of the acts of modern legislation." The same judgment was affirmed in the same case when again before the court. 48 Maine, 26. The dissenting opinion concedes this doctrine, but contends that it should not apply where possession of the property was retained by the mortgagor.

In the case at bar the property had been delivered to the vendee. The title had passed to him. It might be assailed by creditors, if fraudulent, under the statute of Elizabeth, or in cases of insolvency, by their assignee; but only on due process of law. Neither can forcibly take it. Nor could the messenger, under his warrant, commanding him to seize the property of the debtor, do so. A fraudulent conveyance will not justify a trespass. The conveyance is good until destroyed by judgment

of court. The statute says that the conveyance shall be void and the assignee may recover the property. In substance, not that the assignee may take the property, but that he may recover it, if he elects to treat the conveyance void. Until he is chosen, no one has the power of election; and until then the grantee may retain the property.

But it is said this doctrine would open too wide a door for debtors to convey their property. That such conveyances might be made to irresponsible persons who might put the property beyond the reach of the assignee, when chosen; but not so. The doors of chancery stand wide open to prevent the consummation of such fraudulent purposes. Moreover, if it were so, less harm would be likely to arise, than if officers of court should determine arbitrarily the validity of all transactions of the insolvent, and seize such property of other persons as they might think belonged to the debtor, or to his creditors. Such power is placed elsewhere.

The defendant wrongfully dispossessed the plaintiff, and became answerable for the value of the property, with interest from the time he took it. *Warren* v. *Kelley*, 80 Maine, 532. He may, however, show in mitigation of damages that the property did not belong to the plaintiff, but that it has been surrendered to the true owner. *Squire* v. *Hollenbeck*, 7 Pick. 551; *Lowell* v. *Parker*, 10 Met. 309; *Kaley* v. *Shed*, *Ib.* 317; *Case* v. *Babbitt*, 16 Gray, 278; *King* v. *Bangs*, 120 Mass. 514; *Dahill* v. *Booker*, 140 Mass. 308. These authorities do not differ in principle from *Carpenter* v. *Dresser*, 72 Maine, 377. There the attaching officer tendered back the goods and the owner refused to receive them. In these cases the owner did receive them, although not the plaintiff, from whom they were taken.

The case of *Perry* v. *Chandler*, 2 Cush. 237, is precisely in point. The plaintiff had a mortgage of goods and was in possession of them. The defendant, as an officer, attached them as the property of the mortgagor. The writ miscarried. The mortgagor was adjudged bankrupt. The plaintiff brought trespass for the goods. The defendant was chosen assignee, and attacked plaintiff's mortgage as a fraudulent preference, and

it was adjudged void. The court held that the plaintiff's suit could be maintained, but for nominal damages only. And it so held upon the doctrine of the above cases, that the title of property wrongfully taken may be shown to have been in another, to whom it has been delivered, not in bar of the action, but in reduction of damages. But the delivery must have been made, and that brings these cases within the rule of *Carpenter* v. *Dresser*, *supra*, for there, had the plaintiff accepted the goods, their value would have gone in reduction of damages.

In the case at bar, the defense that the plaintiff's title was in fraud of the insolvent law should only have been allowed in reduction of damages, and not in bar of the action.

*Exceptions sustained.*