(57 South. 647.)

No. 18,805.

KERLEC et al. v. NEW ORLEANS LAND CO.

(April 24, 1911. On the Merits Feb. 12, 1912.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 429*)—NOTICE OF APPEAL—WAIVER.

After appellees have asked for the dismissal of an appeal on the ground that all the necessary parties have not been made parties to the appeal, and allow appellant to cite the necessary parties, an appellee who has accepted service on the petition of appeal cannot be heard to urge that the service of notice of appeal should have been made before the return day.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2168–2172; Dec. Dig. § 429.*]

2. APPEAL AND ERROR (§ 329*)—PARTIES—BRINGING IN NEW PARTIES — DISMISSAL — DELAY.

Where an appellant has been ordered to make certain persons parties to an appeal, the appeal will not be dismissed on the ground of delay unless there is an unreasonable delay, especially where the one asking for the appeal has accepted service on the petition of appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 329.*]

On the Merits.

3. EXECUTORS AND ADMINISTRATORS (§ 29*)—APPOINTMENT—DENIAL.

Where one has qualified as the administrator of a succession and has performed acts of administration, he will not be heard to deny that he was the administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 173; Dec. Dig. § 29.*]

4. VENDOR AND PURCHASER (§ 98*)—RESCISSION BY VENDOR—ACCEPTANCE OF BENEFITS—ESTOPPEL.

Where one has received part of the proceeds of a sale and has accepted her attorney as a debtor for the balance due her, and has never returned, or made an effort to return, the money so received, she will be estopped from denying that there has been a sale.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 98.*]

5. EXECUTORS AND ADMINISTRATORS (§ 388*)—SUCCESSION SALE—RIGHTS OF PURCHASER.

One who purchases property in good faith at a sale ordered by the court having jurisdiction of the succession which owned the property need not look beyond the validity of the order of court authorizing the sale. If the order on its face is valid, the innocent purchaser will be protected.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

6. EXECUTORS AND ADMINISTRATORS (§ 380*)—SUCCESSION SALE — ACTION TO VACATE—FRAUD.

An order for the sale of succession property being in the nature of a judgment, a suit to set aside the sale made under the order, on the ground that the order was obtained by fraud, must be brought within the year from the discovery of the fraud.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 380.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Marie L. Kerlec and others against the New Orleans Land Company. Judgment for defendant, and plaintiffs appeal. Motion to dismiss denied, and judgment affirmed.

James B. Rosser, for appellants. Chas. Louque, for appellee.

BREAUX, C. J. Appeal of Mrs. Armand Kerlec and others from judgment rendered in the civil district court.

Appellee moved to dismiss the appeal alleging that some of the appellees have not been cited.

The order of appeal was dated November 2, 1910.

In due time thereafter, the record of appeal was filed in this court.

The day after it had been filed, appellee's motion to dismiss the appeal was filed.

The court sustained the motion to dismiss the appeal, and remanded the case in order

that the parties to the judgment might all be made parties.

This order was made on the 31st day of January, 1911.

In March following, the appellees accepted service of the petition for an appeal and of the order of appeal.

Appellant asks that it be decided that, as relates to service, the law has been complied with, and that it be decreed that all parties appellees are now properly before the court.

The New Orleans Land Company, appellee, through learned counsel, urges that a citation of appeal should always be served before the return day of the appeal, and that it was now too late, although the parties have accepted service as before mentioned.

This appellee further urges that this court is without jurisdiction ratione materiæ.

We take up the first ground, to wit, that appellant has lost her right of appeal because of delay.

As relates to this ground, we cannot agree with learned counsel.

There were parties plaintiff and defendant before the court when it was ordered that all appellees be made parties.

There was no extraordinary delay after the court's order had been issued granting leave to the appellants to make other parties to the appeal.

There were a number of appellees; one of the appellees did not reside in this city.

[1] By this acceptance of service the parties who made themselves parties to the appeal cannot be heard to urge that plaintiff and appellant has lost her right of appeal by her delay in matter of citation of appeal.

It is true, as contended, that the motion to dismiss was filed after the return day, but no mention was made of that fact at the time that the motion to dismiss (because some of the appellees were not made parties) was filed.

The only complaint is that all the appellees were not parties.

[2] When it does not appear that the neglect to make parties is owing to some intention to take advantage, this court has always permitted the making of other parties to the appeal.

In Succession of Romero, 25 La. Ann. 534, parties were made by order of this court.

The right has never been denied since.

Now as to the want of jurisdiction suggested by appellees in argument only:

That will have to be considered later. The only question now is as to the parties to the appeal.

For reasons stated, it is ordered, adjudged, and decreed that those who accepted service in this case and waived citation are now parties to the appeal as appellees, and as such are before the court. It follows that the application of plaintiff and appellant is granted in this respect, and that the argument of defendant and appellee in opposition is not sustained.

### On the Merits.

Plaintiff seeks to recover a square of ground in the city of New Orleans. The lot for which she sued was sold at public auction in accordance with an order of court for the purpose of paying debts of the succession of A. Kerlec.

J. Vic LeClerc became the adjudicatee of the property. He afterward sold this property to the defendant.

The defendant to the end of meeting the attack upon its title filed two exceptions. In one, defendant pleaded estoppel; in the other, the prescription of one year. The estoppel was based upon a settlement made between Maloney, the attorney, and the plaintiff.

This action was brought on March 16, 1910. The plaintiffs are Louise Delay, the widow in community of Armand Kerlec, the father and grandfather of the parties to the suit; Marie Louise Kerlec is the wife of John Beldini, the administrator; Mrs. Clothilde Maria

Pauline Folse, widow of Armand Richard Kerlec, a son of Armand Kerlec, appeared as natural tutrix of her minor children, Marcelle Armand Kerlec and Philip Ferdinand Kerlec.

The property devolved to Mrs. Marie Kerlec, widow of Armand Kerlec, on the 16th day of August, 1906. At the death of Armand Kerlec, Marie Kerlec owned one undivided half of the property, and the other half devolved to his (Armand Kerlec's) children, issue of the marriage with Marie Kerlec, to wit, Marie Louise Kerlec, wife of John Beldini, Mrs. Clothilde Kerlec, Hugo Kerlec, Gabrielle Kerlec, and Armand Kerlec, in the proportion of one undivided fifth of the undivided half. Mrs. Marie Kerlec as survivor in community was usufructuary of one undivided half of the property in addition to the ownership of the other undivided half.

Armand Kerlec, the husband of Louise Delay, and the father and grandfather respectively of the petitioners, in addition to other movable property, was the owner and in possession at his death of the following described property, to wit:

A certain square of ground in the second district of the city, designated as number seven, and further designated by map or plat of Joseph E. Dupuy, surveyor, deposited in the office of Charbonnet, notary.

John Beldini, to the knowledge of Marie Kerlec, widow, opened the succession on August 28, 1905, and became its administrator. The averment is that Marie Kerlec was led to believe at the time that the only object of opening the succession was to obtain an amount on insurance policy which had been issued on the life of her late husband, Armand Kerlec.

The plaintiff alleged that Robert Maloney fraudulently and by deception obtained the appointment of John Beldini as administrator of the succession of Armand Richard Kerlec, the son of Armand Kerlec without her authority or knowledge.

That Maloney used the machinery of the court to have the lot of ground they owned and which they now claim conveyed in the probate proceedings pursuant to an adjudication on the 14th day of December, 1905; that these proceedings were null and void, as well as the proceedings in the succession of Armand Kerlec, and did not divest them of their ownership, as they were conducted without their consent or knowledge.

The procès-verbal of adjudication, plaintiff declared, was signed in error owing to the deception by the said Maloney, and that it was fraudulently cited in the act that the asserted purchase price by J. Victor LeClerc was turned over by the auctioneer who made the public sale to John Beldini; that this declaration in the deed was untrue, as they never received the proceeds of the sale; that, whether acting as administrator of Kerlec, senior, or Kerlec, junior, John Beldini's administration was for reasons stated of no effect. Furthermore, it is charged that Robert J. Maloney, November 10, 1905, filed a petition in the name of Beldini, administrator, for an order of sale to pay debts of his father-in-law, Armand Kerlec; that he falsely represented that Beldini was the administrator of the succession, although he was not his administrator. It none the less appears that the application of the administrator was granted on a statement of debts by him amounting to $160.

The complaint at this point is that this statement was not verified by the oath of the applicant for the sale, although such an oath is required by order of court, as alleged by petitioners.

They also aver that all the debts of the succession had been paid; that the proceedings in which it appears that J. Vic LeClerc bought, and that he (J. Vic LeClerc) afterward sold to the defendant, the New Orleans Land Company were petitioners, and of no effect for that reason.

The defendant filed the plea of no cause of action and of the prescription of one year, and the plea of estoppel which the district court maintained.

Evidence was taken on the trial of these pleas.

It is proven that, shortly before Maloney's trouble became known, Mrs. Kerlec submitted to her attorney at the time (Mr. Duffy) an account which had been presented to her by Maloney. He examined the account and read the items therein, and the largest amount was $500 which she claimed Maloney owed her.

The property was sold for $2,500, and she received credit for $500. Maloney also gave a check for $143 which Mrs. Kerlec received.

Mrs. Kerlec at that time said to the attorney that the property had been sold to Mr. LeClerc.

Two of her daughters were also aware of this sale.

The administrator was at the sale and entered into some understanding or, possibly, agreement with the purchaser, LeClerc.

The charge of fraud is directed against Robert Maloney, who was the regularly employed attorney. Mrs. Kerlec knew of the sale and it was regularly advertised, and on December 14, 1905, the auctioneer adjudicated the property to LeClerc, and on February 6, 1906, a notarial act in confirmation of the adjudication was passed and recorded. On April 30, 1907, LeClerc sold the property to the defendant.

The defendant acted on the faith of an order of sale and adjudication, and of the title, put of record, and went into possession on April 30, 1907.

On February 16, 1908, we find plaintiff settling with Maloney, the attorney of the administrator, for the proceeds of the sale.

It is clear that defendant, an innocent third person, is protected by the order of court.

The judgment of the district court decreed that plaintiff had no case.

Widow Armand Kerlec, owner of one-half of the property in community (dissolved at the death of her husband) and usufructuary of the other half, has not appealed, nor have the other heirs, and the only appellants are the minor heirs of Armand Richard Kerlec represented by their tutrix.

The judgment as to the former is final as it was signed in October, 1910.

The testimony is not in accord with the position of plaintiff that the administrator was not appointed. He took the required oath in each succession, furnished bond, and was present at the sale of the property sold at his instance as administrator.

There is not the least force in his allegations that he did not know that he was administrator, as the record of the courts disprove these allegations and the evidence of witnesses also disprove it.

[3] It would be extraordinary if one, who has qualified as legal representative of a succession, were so oblivious as to what he was doing that he did not know that he had qualified regularly as an administrator.

[4] After the sale, the surviving widow, Marie Kerlec, after conferring with her attorney, received amounts from the purchase price of the property, and she still has those amounts and has never made the least attempt to return them. The one who has been benefited by receiving the price, or part of the price of the sale of property cannot recover the property without making the least offer to return the amount received. Restitution was due. Sharkey v. Bankston, 30 La. Ann. 891.

The statement of debts, upon which the judge presiding over the probate court issued the order of sale, was a sufficient compliance with law. This statement was filed before the order of sale was issued, and the sale on the face of the papers was regular. It can-

not be treated as an absolute nullity; and as a relative nullity it leaves plaintiff without good ground to assail the proceedings at this time.

Assuming arguendo that the grounds heretofore stated are not controlling:

The innocent third person is protected by the order of the court authorizing an act to be done. The proceedings as to these must be held to have some validity, for, were it otherwise, sales might prove a loss to men who have acted in the utmost good faith. Succession of Hebrard, 18 La. Ann. 488.

If the court has jurisdiction and the order has been issued in due form, the purchaser is not affected. Porter's Heirs v. Hornsby, 32 La. Ann. 337. Thompson v. Tolmie, 2 Pet. 166, 7 L. Ed. 381.

[5] The administrator opened the succession and had the property sold. Plaintiff seeks to have these proceedings annulled on the ground that it was not her act, but that of her attorney. Without sufficient evidence to sustain that contention, plaintiff will have it that they were defrauded by their attorney. Evidently there is no good ground to stand in judgment against the present owner.

[6] The order being in the nature of a judgment, the purchaser is protected by the prescription pleaded.

The action for annulling the judgment must be brought within a year after it has been discovered.

Our learned brother of the district court applied this prescription, and we are not inclined to find that he was in error as between these parties and an innocent third purchaser.

The time had elapsed, and not the least complaint was made. The defendant bought and had gone into possession. It has the appearance of acquiescence on the part of plaintiffs.

If one is imposed upon by his attorney, he should seek to protect himself and others from the effects of the wrong act practiced upon his rights. We say again the evidence does not show that plaintiffs did not know of the action taken by the attorney in matter of the sale in question.

For reasons stated, the judgment is affirmed.