His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, -as follows:
On Motion to Dismiss.
This suit is for recovery on a mortgage note signed by the defendant.
Plaintiff averred that he was the holder of a note dated March 7, 1914, subscribed by the defendant, and sécured by mortgage on two lots described in his petition; that said note was due and unpaid, and he prayed for executory process. The writ issued as prayed for.
Whereupon Adonina Dainello, wife of the defendant, Luigi Millano, filed an opposition alleging that by act dated September 5th, 1908, duly registered in the Conveyance Office, her said husband made a dation en paiement to her of said two lots in payment'of the sum of $800 due by him to- her, consisting of the sum of $700 received by her from her parents, of which her 'husband took charge in the year 1905, and the further sum of $100 due to her as interest on said sum; and she prayed to be recognized as the owner of said two lots.
To this opposition the plaintiff filed an exception of no cause of action, which was sustained by the District Court, and the opponent has appealed.
*136 Greco, the appellee, has moved to dismiss the appeal on three grounds:
1. That the sheriff has not been made a party to the appeal.
This was not necessary as the sheriff has no interest in this controversy. He cannot be affected by any judgment which may be rendered in this case.
1 A., 304; 5 A., 668; 6 A., 115; 20 A., 282; 29 A., 860; 40 A., 279.
But as a matter of fact the sheriff was a party to tñe appeal. At the bottom of the petition of appeal we find the following words: “Service accepted and citation waived,” signed “Dinkelspiel, Hart & Davey, attorneys for Civil Sheriff, N. O., July 16th, 1915.” The sheriff had a right to acknowledge service of copy of petition and to waive citation. 134 La., 549; 30 A., 731. The authority of his attorneys will be presumed in the absence of affidavit to the contrary.
3 A., 258; 32 A., 801; 115 La., 643; 130 La., 111; 132 La., 993-4.
2. The second ground for dismissal of the appeal is that the appeal bond is signed by the attorneys for appellants, who have a contract with their client for a contingent fee in the shape of an interest in the property seized in case of success. The attorneys were not parties to the suit. They were neither appellants nor appellees nor necessary parties to the appeal and therefore had capacity to sign the appeal bond. 45 A., 478;“ 122 La., 376. An attorney who has a privilege on the judgment is a good surety. 26 A., 468; 124 La., 1006. We do not see why an attorney who may become part owner of the thing recovered by the judgment may not also be a good surety.
*137 But the appeal in this ease was made returnable on August 2nd, 1915. The motion to dismiss was filed October 7th, 1915. This was too late. A motion to dismiss an-appeal for want of an appeal bond must be made within three calendar days after the return day.
128 La., 427-8; 129 La., 392; 131 La., 734; 122 La., 369, 313; 120 La., 5158; 135 La,, 802; De Bautte vs. Weil, Ct. of App. No. (not reported) ; Bordes vs. Bank, No. 21,099, Supreme Court; 52 A., 2030 ; 22 A., 31; 36 A., 109; 31 A., 661.
3. The third ground of dismissal is that appellant has acquiesced in the judgment in that she “was present at the-sale of the property” by the sheriff and “is now claiming the amount for which the buildings were insured by the ’Civil Sheriff, the buildings having been destroyed by fire whilst' the property was being advertised for sale. ’ ’
The opponent, had taken only a devolutive appeal.
Even a payment of costs would not have debarred her from an appeal, 6 R., 77; 29 A., 763, much less being present at the sale.
37 A., 233; 33 A., 410, 723.
Opponent’s claim of the insurance money, far from being an acquiescence in the judgment, was a reiteration of her- demand of ownership of the property.
The motion to dismiss is therefore denied.
On The Exception.
The exception of no cause of .action is based on the. following grounds:
*138 • 1. Illegality of the consideration as stated in the act of dation en paiement.
2. Failure to record in the mortgage office the act of' dation en paiement, and ,
3. Failure to allege delivery of the property and possession thereof in plaintiff in injunction.
I.
The illegality of the consideration is stated to appear in the following clause of the act of dation en paiement:
"Said Millano also declares that he has.used said money ($700) in the purchase of real estate and to erect buildings thereon, and said amount is due her, together with five per cent interest since 1905, which will be one hundred dollars more, or a total of eight hundred dollars.”
The contention is that the husband owes no interest to his wife for his use of her paraphernal funds; and that therefore that part of the consideration representing this interest is not recognized by law as a debt, or as a legal consideration for a dation en paiement, and that therefore the whole act of -dation is a nullity.
The first part of the proposition is supported by the following authorities where the husband was administering as the head of the community, and for its benefit.
10 M., 194; 19 L.. 558 (581); 27 A., 590; 36 A., 820; 39 A., 385.
In all these cases the payment of interest was resisted by the husband or by his creditors. But there is nothing-in- the law which forbids the husband, in the absence or *139 existing creditors, and of Ms own free will, from accounting to Ms wife for the fruits of her property which he administers, and from paying them over to her at stated times, or after the expiration of some delay. A husband may be unwilling to appropriate her revenues and may prefer to account to her for them. There is nothing in the law which prevents him from so doing, or makes that consideration illegal, when no creditor is injured.
The defendant quotes no authority in support of his proposition. On the other hand in the ease of Carroll vs. Coekerham, 38 A., 81*3, the consideration of the dation en paiement was $3,740 made up of $2,500 in capital and $1,240 in interest. The plaintiffs, the forced heirs of the husband, argued the nullity of the whole transfer. The Court said: “The authorities cited by the plaintiffs’ counsel as favoring such extreme demand were cases where the wife, as part of the consideration of the dation, assumed the payment of her husband’s debts, which she was legally forbidden to do.” And the Court annulled the dation to the extent that the same infringed on plaintiff’s legitime.
The 'Courts have always maintained the dation en paiement whenever there was a just proportion between the value of the thing transferred and the wife’s ielaim. 47 A., 751,1438 ; 46 A., 1418; 30 A., 750; 132 La., 345; 134 La., 304; 117 La., 345; 8 A., 485; 5 A., 494; 4 A., 71. Absolute correctness as to value is not necessary. 33 A., 536. Nations en paiement have always been regarded in a favorable light by the Courts of our State as being for the protection of married women. 22 A., 327.
In Lelan vs. Dooley, 48 A., 508 (517) where forced heirs attempted to set aside a dation en paiement made by their father to Ms second wife for $500 of property, alleged *140 to be worth $2,200, the Court said: “We are of the opinion that even were the property which was sold of greater value than $500, the act will have to stand as an act of sale. The case would be at best, one not of -simu,lation, but of indirect advantage to the wife, not carrying as a consequence, absolute nullity.”
See also, 33 A., 822; 47 A., 1,439; 116 La., 666; 134 La., 309.
. We' come to the conclusion, therefore, that the dation en paiement was not a nullity even if a part of the stipulated price was composed of interest.
II.
Defendant’s next contention is that a dation en paiement m'ust be recorded in the mortgage office, because a dation en paiement is a donation, and a donation, he contends, must be recorded in the mortgage office under Article C. C., 1554 (1541). We will not consider whether this article requires donations to be recorded in the mortgage office concerning which we express no opinion. But we are sure that a dation en paiement is not a donation. 1 N. S., 646; 12 M., 649. It is not a simple donation, as that is gratuitous. C. C. 1467 (1453), 1523 (1510). It is not an onerous donation, as that is burdened with charges on the donee; nor is it a remunerative donation, the object of which is to recompensate services rendered. A dation en paiement is made in payment of a sum of money due. C. C., 2655. It is not a naked sale, as there is no price payable in money. C. C., 2439, 3 M., 269, 226. It is a contract sui generis. On account of these differences the giving in payment is not subjected to all the rules which govern the ordinary contract of sale, C. C. 2659 *141 (2629), and the rnles peculiar to donations do not apply to remunerative donations. C. C., 1.526 (1513). The Civil Code, Article 2255, requires all acts of conveyances of immovables to be registered in the 'Conveyance Office. The dation en paiement has been likened to a sale. 5 A., 270. In this ease it was so registered and we deem that a compliance with the law.
Opinion and decree, February 14th, 1916.
Rehearing refused, March 17th, 1916.
Writ denied, May 15th, 1916.
III.
The last point made by defendant is that plaintiff fails to allege delivery of the property to her and possession.
There was no necessity of making that allegation as “■the law considers the tradition or delivery of immova-' bles as always accompanying the public act which transfers the property.”
C. C., 2479 (2455).
In 30 A., 966 (968-969) the Court said that delivery of immovables transferred by public act is always considered as accompanying the act “whether that act be a sale or a dation en paiement.”
See also, 127 La., 847.
It is therefore ordered that the judgment herein be reversed and that the exception of no cause of action filed by defendant be dismissed at his cost in both Courts; and that this case be remanded to be proceeded with in accordance with law.
Judgment reversed.