

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2007

# Addo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Addo v. Atty Gen USA" (2007). *2007 Decisions.* Paper 871.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/871

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4076
_____

ALI ADDO,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A27 117 126
on August 2, 2005
_____

Submitted Under Third Circuit LAR 34.1(a)
June 8, 2007

Before:    SLOVITER, MCKEE and AMBRO,  Circuit Judges.

(Filed June 28, 2007)
_____

OPINION
_____

PER CURIAM

　　Ali Hussein Addo, a native of Somalia, petitions for review of an order of the

Board of Immigration Appeals (BIA), finding him to be removable as an alien who had

committed an aggravated felony.  For the reasons that follow, we will dismiss the petition.

Addo was admitted to the United States as a non-immigrant in 1982, and adjusted to permanent resident status in 1984.[1] He pleaded guilty to bank fraud in 1998, and in July 2002 was convicted of escape, a felony, in violation of 18 U.S.C. § 751(a). An Immigration Judge (IJ) found him removable for having committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F), holding that the escape conviction was a crime of violence. A.R. 374-80.[2] Addo argued that his crime was not a crime of violence. He also contended that he was a U.S. citizen, based on a naturalization petition that he filed in 1987. The record contains a document showing that Addo withdrew the petition on November 17, 1989, A.R. 91; but Addo contends that the signature on the withdrawal is not his. The IJ ordered a forensic evaluation, which was inconclusive as to whether the signature was Addo's. A.R. 230.[3] The IJ found that Addo had not established his citizenship claim. A.R. 109[4]

---

[1] The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision.

[2] Record citations are to the electronic administrative record filed in this case on February 7, 2007.

[3] In the meantime, on November 3, 2003, Addo filed a complaint in the United States District Court for the Northern District of California, asking that Court to declare that he was a U.S. citizen. On January 25, 2005, the Court granted the Government's motion for summary judgment, finding that it lacked jurisdiction to consider Addo's citizenship claim because there was no agency decision denying his naturalization petition. A.R. 368-70.

[4] The IJ also denied Addo's motions to disqualify the IJ. A.R. 375-76.

On appeal, the Board of Immigration Appeals (BIA) found that Addo failed to prove that he was a U.S. citizen. The BIA noted that the records showed that Addo had withdrawn his naturalization application, and stated that even if he had not withdrawn the application, it would have been denied because he was no longer eligible for naturalization. The BIA noted that the record in fact contained a document showing that the application was denied, but that the denial never went into effect because the application had been withdrawn. The BIA found that the IJ did not err in refusing to recuse herself on Addo's motions, as the record did not reflect that the IJ was biased. The BIA further held that under the law of this Court, Addo's conviction for escape was a crime of violence, and therefore an aggravated felony. A.R. 18-21.[5] Addo timely filed a petition for review.

Although 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense," the statute also provides that courts nevertheless retain jurisdiction to consider "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D). The Government argues that we lack jurisdiction to consider this petition because, it claims, Addo challenges only the agency's factual determination that he is an alien. We find that Addo does raise legal issues concerning whether his conviction is a deportable offense, and whether, as a matter of

---

[5] Addo also filed a motion to reopen before the BIA, which was denied as untimely on December 14, 2006. A.R. 1-6. Addo has not petitioned for review of that decision.

3

law, he is a U.S. citizen.  Further,  we always have jurisdiction to determine jurisdictional facts; that is to say, we are empowered to decide whether Addo is an alien, and whether he committed an aggravated felony.  Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001).

We first turn briefly to the question of whether Addo committed an aggravated felony.   Addo raises this issue only briefly in his opening brief, arguing only that his conviction was "ruled none [sic] deportable offense by a federal judge in boston [sic] and another federal judge in the middle district of pennsylvania [sic] where the jurisdiction of this case lies."  Informal Brief at 2.  Addo also argues that "ICE itself ruled that this offense is not deportable."  Id.  He refers the reader to exhibits attached to his brief before the BIA.  Those exhibits include: (1)  a sentence in what Addo labels a presentence report that states, "ICE further advises that the escape is not a deportable offense,"  A.R. 32; (2) a page purportedly from a sentencing hearing transcript where a judge simply reads the above sentence from the presentence report without comment,  A.R. 33;  and (3) a page purportedly from a detention hearing transcript in which a judge states, "The charge with which you were charged, escape, is, so far as I know, not a crime of violence . . . .," A.R. 34.  None of these statements is a ruling that would prevent the BIA from finding that Addo's escape conviction is a crime of violence, and therefore an aggravated felony. Further, we find no legal error in the BIA's decision that the crime is an aggravated felony.  See United States v. Luster, 305 F.3d 199, 202 (3d Cir. 2002) (Pennsylvania conviction for escape constituted crime of violence, even though statute would include "walk away").

4

The second issue is whether Addo is an alien. We have jurisdiction to review his citizenship claim, 8 U.S.C. § 1252(a)(2)(D), (b)(5)(A), unless we determine that there is a genuine issue of material fact, in which case the district court would do the fact-finding and decision-making, 8 U.S.C. § 1252(b)(5)(B). "In making de novo review by the district court hinge on the existence of genuine issues of material fact, 'Congress intended the language to be interpreted similarly to that in [Federal Rule of Civil Procedure] 56.'" Jahed v. Acri, 468 F.3d 230, 234 (4th Cir. 2006) (quoting Agosto v. INS, 436 U.S. 748, 754 (1978)).

We find there is no genuine issue of material fact here. The record contains a petition for naturalization, initially dated 12/16/87, which in the "affidavit" section bears a signature and a date of the "25th day of November, 1988." A.R. 240-43. The record also reflects that Addo was sent a paper informing him that he was to come to the Immigration and Naturalization Service (INS) for an appointment regarding "your petition for naturalization," on November 17, 1989. A.R. 90. The record contains a signed "Request for Withdrawal of Petition for Naturalization," also dated November 17, 1989. A.R. 91. Then we have Addo's unsupported allegation that when he went to his interview on November 17, 1989, the examiner said he had two options; either the examiner could administer the oath of citizenship, or the court could administer the oath. Addo claims that he chose to have the examiner administer the oath, and that he was sworn in as a citizen then and there. A.R. 115-16. He claims that the signature on the document requesting withdrawal of his naturalization petition is a forgery. A.R. 133-34.

5

Results from the Government's forensic laboratory regarding whether the signature on the withdrawal was Addo's were inconclusive. A.R. 230.

Even assuming that Addo's allegations are true, we would find that he had not met his burden of showing that he is a U.S. citizen. Pursuant to 8 U.S.C. § 1448(a) (1989), "A person who has petitioned for naturalization shall, in order to be and before being admitted to citizenship, take *in open court* an oath . . . ." Addo does not allege that he ever took an oath in open court; thus, he was never admitted as a citizen of the United States.[6] A.R. 115-16. See Okafor v. Attorney General, 456 F.3d 531, 534 (5th Cir. 2006) (alien who signed document containing oath of renunciation and allegiance required of all applicants for naturalization, but who did not take oath in public ceremony, had not met requirements for becoming naturalized citizen); Tovar-Alvarez v. Attorney General, 427 F.3d 1350, 1353 (11th Cir. 2005) (same).

Having determined that Addo is an alien convicted of an aggravated felony, we lack jurisdiction to consider any other issue raised by his petition for review.[7]

---

[6] The IJ noted that in 1989, only a federal court could administer the oath of citizenship. A.R. 115-16. In 1990, the statute was amended to provide that the oath could be taken " in a public ceremony before the Attorney General or a court with jurisdiction under section 1421(b) of this title," but, as is clear from the words of the statute, even though the Attorney General could administer the oath, it was only in conjunction with a public ceremony. See also 8 C.F.R. 337.2(a); 8 C.F.R. § 337.9(a).

[7] Addo's motion for oral argument and his "Motion to Dismiss all the documents filed by Respondent's Attorney . . ." are denied.