[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2006
THOMAS K. KAHN
CLERK

No. 06-10504
Non-Argument Calendar
_____

BIA No. A34-304-457

FRANCIS NORMAN ETTIENNE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 3, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of the Island of Dominica. He entered the United States on February 2, 1974 at San Juan, Puerto Rico as an immigrant. He subsequently applied for naturalization as a United States citizen but abandoned his application.

On July 13, 2001, petitioner, having been convicted in federal court of bank fraud and possession of counterfeit securities, was sentenced to prison for 18 months. On September 13, 2001, he was issued a Notice to Appear by the Immigration authorities and proceedings to remove him from the United States commenced. The grounds for removal were that he had been convicted of an aggravated felony. On September 2, 2002, petitioner was convicted in a Florida state court of grand theft and sentenced to 46 months confinement. The Notice to Appear was subsequently amended to include this offense as a ground for removal.

In response to the Notice to Appear, petitioner applied for asylum and withholding of removal. At a hearing on the Notice, an Immigration Judge ("IJ") found that the charges cited in the Notice were true (based on petitioner's admissions) and that petitioner was ineligible for any form of relief from removal. The IJ therefore ordered him removed.

Petitioner appealed the order to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal because the only ground he raised – that by applying for naturalization, he attained the status of a "national" of the United States – was

2

meritless.[1]  Petitioner sought review in this court, but we dismissed his petition because it was untimely.

Petitioner, then incarcerated in a Florida jail, thereafter petitioned the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus.  That court transferred the petition to this court pursuant to the Real ID Act, § 106(c), 119 Stat. 231 at 311, and it is now before this panel.

Petitioner's sole argument to us is that, contrary to the decision of the BIA, he is a national of the United States and thus is not subject to removal.  He asserts that he has demonstrated permanent allegiance to the United States by (1) continuously residing in the United States since 1974, and prior to that residing in a United States territory since 1963; (2) obtaining lawful permanent resident status; (3) applying for citizenship; and (4) taking an oath of allegiance to the United States.

"Though 8 U.S.C. § 1101(a)(22) states that a person is a 'national of the United States' if he owes 'permanent allegiance to the United States,' the manner in which one comes to owe allegiance to the United States is through birth or naturalization pursuant to the statutory scheme enacted by Congress."  Tovar-

---

[1] Petitioner conceded that he was not qualified for asylum.  Given this concession, he was ineligible for withholding of removal.

Alvarez v. United States Atty. Gen., 427 F.3d 1350 (11th Cir. 2005). An alien cannot establish nationality by demonstrating permanent allegiance through longtime residence and application for citizenship. Id.

Petitioner was not born in the United States or one of its territories, nor has he completed the naturalization process promulgated by Congress. His only basis for claimed nationality is his lengthy permanent resident status and his applications for citizenship. This is insufficient to establish nationality.

**PETITION DENIED.**