United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 21, 2006
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  05-60001
_____

CELESTINE IFEANACH OKAFOR

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Before KING, STEWART, and DENNIS, Circuit Judges.

KING, Circuit Judge:

Celestine Okafor petitions this court for review of a
decision of the Attorney General reversing a previous decision of
the Board of Immigration Appeals.  For the reasons stated below,
we DENY the petition.

## I.  BACKGROUND

Petitioner Celestine Okafor ("Okafor"), a native of Nigeria,
entered the United States in 1990 and subsequently became a
lawful permanent resident as a result of his marriage to a United

States citizen.  He applied for naturalization in 1994.  On March 31, 1995, Okafor was interviewed by an INS officer about the information in his application for naturalization.  During or after the interview, Okafor signed a document containing the oath of renunciation and allegiance required of all applicants for naturalization.  After the interview, the INS officer recommended the approval of Okafor's naturalization application; however, Okafor never participated in a public oath ceremony and never received a certificate of naturalization.  According to 8 U.S.C. § 1448(a), "[a] person who has applied for naturalization shall, in order to be and before being admitted to citizenship, take in a public ceremony before the Attorney General or a court with jurisdiction under section 1421(b) of this title an oath" pledging allegiance to the United States and renouncing all former allegiances to foreign states and sovereignties.

On November 7, 1997, Okafor was convicted of conspiracies to commit mail fraud, wire fraud, and money laundering.  After his conviction, the Immigration and Naturalization Service ("INS") charged Okafor with removability as an alien convicted of an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Following a hearing, on March 1, 2000, an immigration judge ("IJ") found Okafor removable as charged and issued an order directing that Okafor be removed to Nigeria.  In this order, the IJ rejected Okafor's claim that he was a naturalized U.S. citizen, concluding that Okafor could not have been fully

2

naturalized because he never took the required oath of renunciation and allegiance in an administrative or court ceremony.

Okafor appealed from this decision to the Board of Immigration Appeals ("BIA"). On November 14, 2000, the BIA accepted Okafor's arguments that the signed oath form satisfied the public oath ceremony requirement of 8 U.S.C. § 1448(a). More specifically, the BIA found that Okafor's signed copy of the printed oath demonstrated that the oath "was administered to him by the [INS] at the time of his naturalization interview." Therefore, the BIA concluded that Okafor had successfully completed the naturalization process, and it ordered the removal proceedings to be terminated.

The INS then filed a motion for reconsideration and a motion to reopen with the BIA, and the BIA denied these motions on March 30, 2001. In this second decision, the BIA reiterated its "prior conclusion that [Okafor] had been naturalized as a United States citizen," stating that the INS had "naturalized the respondent by recommending him for naturalization and administering the oath in writing . . . . in accordance with the evidence of record."

On July 25, 2002, the BIA's initial decision was referred to the Attorney General for review. On December 1, 2004, the Attorney General delivered his opinion, reversing the BIA's finding and ruling that Okafor was not a naturalized citizen because he had not satisfied the public ceremony requirements of

3

8 U.S.C. § 1448(a). After reviewing the record, the BIA opinion, and the relevant statutes and regulations, the Attorney General held that nothing "excused [Okafor] from the requirement that he 'take [the oath] in a public ceremony.'" The Attorney General also noted that the INS officer who interviewed Okafor stated "that it was the practice of his office" to require all applicants for naturalization to "sign a copy of the oath at the conclusion of the interviews in order to save time at the subsequent public ceremony and that the office informed all applicants that they would not become citizens until they took the oath at the ceremony." Accordingly, the Attorney General concluded that Okafor "did not meet the requirements for becoming a naturalized citizen of the United States" and reversed the BIA's decision.

In accordance with the Attorney General's decision, on December 20, 2004, the BIA vacated its two prior decisions, dismissed Okafor's appeal, and reinstated the IJ's prior order of removal. Okafor filed his petition for review with this court on January 3, 2005. On April 14, 2005, Okafor was removed to Nigeria.

## II. DISCUSSION

Our jurisdiction over this petition is governed by 8 U.S.C. § 1252, as modified by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Under § 1252(a)(2)(C), "no court shall have

4

jurisdiction to review any final order of removal against an alien" such as Okafor "who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this title . . . ." However, this general jurisdictional bar must be measured against § 1252(a)(2)(D), which states that § 1252(a)(2)(C) shall not "be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

The government claims that Okafor has failed to raise any constitutional claims or questions of law in his petition for review with this court, and therefore, the government suggests that our jurisdiction over Okafor's petition is precluded by the general jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C). But contrary to the government's jurisdictional argument, this petition presents a question of law rather than a question of fact because both sides agree about the underlying factual sequence and disagree only about the legal significance of those facts: Okafor argues that the signing of the oath form satisfied the public ceremony requirements of 8 U.S.C. § 1448(a); the government disagrees, and argues that § 1448(a) requires a separate public oath ceremony. Accordingly, because Okafor has raised a legal question of first impression before this court, we have jurisdiction to review his petition pursuant to

§ 1252(a)(2)(D).  Cf. Tovar-Alvarez v. U.S. Att'y Gen., 427 F.3d 1350, 1351-52 (11th Cir. 2005) (per curiam) (ruling that the Eleventh Circuit had jurisdiction over a near-identical petition because the petitioner had presented a question of law).

In the alternative, the government suggests that we should adopt the reasoning of the Eleventh Circuit in Tovar-Alvarez and deny Okafor's petition for review.  In Tovar-Alvarez, the Eleventh Circuit considered a petition for review from an alien who, like Okafor, was removable under 8 U.S.C. § 1227(a)(2)(A)(iii).  Also like Okafor, the alien petitioner in Tovar-Alvarez argued "that he became an American citizen" and was therefore exempt from subsequent removal "when he signed [an] oath vowing allegiance to the United States in the presence of an INS officer during his naturalization interview."  Tovar-Alvarez, 427 F.3d at 1352.  The Eleventh Circuit rejected this argument and held that by relying on the signed oath form, the petitioner "failed to show that he has taken the oath of allegiance during a public ceremony" as required by 8 U.S.C. § 1448(a).  Id. at 1353. Because the petitioner had not participated in a public ceremony as required by statute, the Eleventh Circuit concluded that he had "not satisfied the statutory prerequisites of citizenship[,]" and it denied his petition for review.  Id.

The Eleventh Circuit's conclusion in Tovar-Alvarez is supported by the Ninth Circuit's similar reasoning in Perdomo-Padilla v. Ashcroft, 333 F.3d 964 (9th Cir. 2003).  In Perdomo-

6

Padilla, the Ninth Circuit considered a petition for review from an alien who, like Okafor and like the petitioner in Tovar-Alvarez, was under an order of removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The petitioner in Perdomo-Padilla argued that he became a United States national--and was thereby exempt from subsequent removal--when "he completed an application for naturalization that contained a statement of allegiance to the United States." Perdomo-Padilla, 333 F.3d at 966. In considering this argument, the Ninth Circuit observed that under the petitioner's interpretation of the governing statutes, "rejected naturalization applicants who do not renounce their statements of allegiance . . . . would not be aliens and, accordingly, would not be removable under 8 U.S.C. § 1227 (providing only for the removal of 'aliens')." Id. at 969. Concluding that Congress "clearly did not intend" such an "absurd result[,]" the Ninth Circuit rejected this argument and denied the petition for review. Id.

We agree with the government that Okafor's petition presents issues nearly identical to those considered by the Eleventh Circuit in Tovar-Alvarez, and we are persuaded by the reasoning of that court and by the reasoning of the Ninth Circuit in Perdomo-Padilla. In arguing that his signed oath form satisfied the public ceremony requirement of 8 U.S.C. § 1448(a), Okafor presents an interpretation contrary to the clear language of the statute which might create unnecessary obstacles to the removal

7

of appropriately rejected naturalization applicants. Because Okafor has failed to show that his signed oath form met the statutory requirement of a public oath ceremony, he has failed to show that he met the requirements for becoming a naturalized citizen of the United States.

### III.  CONCLUSION

For the reasons stated above, Okafor's petition for review is DENIED.