[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 05-16744; 06-11377
Non-Argument Calendar

_____

BIA No. A37-591-546

GLEN NAZIM KHAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 7, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Glen Nazim Khan, a native and a citizen of Trinidad and Tobago, petitions

this Court for review of two decisions of the Board of Immigration Appeals ("BIA"). Khan appeals the BIA's decision to deny his request for a waiver of inadmissibility and order of removal. Khan also appeals the BIA's decision to deny his motion for reconsideration, and Khan's appeal from this decision has been consolidated with his original petition for review.

## BACKGROUND

Khan was admitted to the United States as an immigrant on January 7, 1982. On August 26, 1991, Khan pled guilty and was convicted of manslaughter with a deadly weapon - a pistol, for which he received a term of imprisonment of fifteen years followed by five years probation. The Immigration and Naturalization Service ("INS"), now the Department of Homeland Security ("DHS"), issued Khan a Notice to Appear, charging him with removal for having been convicted of an aggravated felony, at any time after admission, in violation of INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), and for, at any time after admission, having been convicted "under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying a firearm," in violation of INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C). Khan filed for a waiver of inadmissibility pursuant to former section INA § 212(c), 8 U.S.C. § 1182(c).[1]

---

[1] Under INA § 212(c), the Attorney General, or one of his representatives, could waive the deportation of an admittedly deportable alien based upon various equitable considerations. *See* 8 U.S.C. § 1182(c) (repealed 1996) (requiring that the alien be a lawful permanent resident

At his initial hearing, the Immigration Judge ("IJ") asked Khan if he had "ever been convicted . . . of manslaughter with a deadly weapon in case number 912404." Khan replied that "[w]ith all due respect, I think if I answer, I'll be a witness against myself." The government informed the IJ that the court had certified copies of the conviction. At a later hearing on his application for a waiver, Khan testified extensively to the details surrounding his arrest for second degree murder and ultimate guilty plea to manslaughter with a deadly weapon. The IJ found Khan subject to removal from the United States and denied Khan a waiver of inadmissibility based on the IJ's discretion after balancing the equities of the facts in Khan's case. The BIA adopted the IJ's decision and affirmed. Khan filed a petition for review in this Court and also filed a motion to reconsider with the BIA. Khan argues that the BIA committed reversible error by failing to both properly analyze the equities in his case and explain why the equities in his favor were not considered unusual or outstanding. Khan also argues that the BIA committed reversible error by improperly imposing a requirement that Khan waive

and have domiciled in the United States for seven continuous years to be eligible for a discretionary waiver).

In *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293, 150 L. Ed. 2d 347 (2001), the United States Supreme Court held that even though § 212(c) had been repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), relief remained available to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for 212(c) relief at the time of their plea under the law then in effect." As Khan pled guilty to manslaughter with a deadly weapon in 1991 and served less than five years in prison, he was eligible for relief under the former § 212(c). *See Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156 n.1 (11th Cir. 2003) (per curiam).

3

his right to remain silent under the Fifth Amendment in order to obtain discretionary relief under § 212(c). Khan raises no arguments in his brief as to the BIA's denial of his motion for reconsideration. Accordingly, he has abandoned any arguments on this issue. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228-29 n.2 (11th Cir. 2005) (per curiam) (stating that when an appellant fails to raise an argument on an issue, that issue is deemed abandoned).

## JURISDICTION

Before reaching the merits of Khan's petition, we must first consider whether we have subject matter jurisdiction. "We review subject matter jurisdiction *de novo*." *Garcia v. Att'y Gen.*, 329 F.3d 1217, 1220 (11th Cir. 2001) (per curiam). Under the Immigration and Nationality Act, we lack jurisdiction to review the final removal order of an alien who is removable for having committed an aggravated felony. *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Our jurisdiction is limited only to the threshold issues of whether Khan is "(1) an alien (2) who is removable (3) because he committed a criminal offense enumerated in the statute." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). If these conditions are met, we are divested of jurisdiction to review the deportation

order. *See Tovar-Alvarez v. Att'y Gen.*, 427 F.3d 1350, 1352 (11th Cir. 2005) (per curiam).

Khan was ordered removed based on his aggravated felony conviction. Khan does not challenge that he is removable based on his conviction. Khan challenges the order based on the discretion afforded the BIA in considering whether an alien is eligible for relief from deportation under § 212(c). We do not have jurisdiction over "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or Secretary of Homeland Security. . . ." INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii). Relief from removal pursuant to the former INA § 212(c) is discretionary. 8 U.S.C. § 1182 (repealed 1996). Therefore, we lack jurisdiction over this part of Khan's appeal.

However, Khan alleges that the BIA violated his Fifth Amendment right against self-incrimination. We retain jurisdiction to review substantial constitutional claims or questions of law arising out of removal proceedings. *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252 (a)(2)(D); *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1322 (11th Cir. 2001).

### SUBSTANTIAL CONSTITUTIONAL ISSUES

Khan argues that the IJ and the BIA constitutionally erred by requiring that Khan waive his Fifth Amendment right against self-incrimination before he could

argue for relief under § 212(c). At his initial hearing, the IJ asked Khan if he had even been convicted of manslaughter, and Khan chose not to answer. The IJ ultimately sustained Khan's judgment and conviction for manslaughter based on the admission of certified copies of the judgment. In seeking a waiver pursuant to § 212(c), Khan discussed, at length, the details surrounding the incident that led to his plea and conviction. Khan first raised his Fifth Amendment claim in this petition for review. We have interpreted the exhaustion requirement of INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), to preclude jurisdiction over claims that have not been raised before the BIA. *Sundar v. INS*, 328 F.3d 1320, 1323-25 (11th Cir. 2003). Constitutional challenges, and some due process challenges, do not require exhaustion because the BIA does not have the authority to adjudicate those claims. *Id*. at 1325. However, where the BIA can provide a remedy to the constitutional claim, "the exhaustion requirement applies with full force." *Id*. If Khan had raised the issue before the BIA, it would have been within the authority of the BIA to determine whether the IJ had required Khan to waive his right against self-incrimination before allowing Khan to proceed with his waiver argument. Furthermore, the BIA would also have had the authority to determine whether the IJ impermissibly placed excessive weight on Khan's silence relative to the testimony and evidence he provided. Since Khan did not allege that the IJ violated his Fifth Amendment rights as part of his appeal before the BIA, we dismiss his

6

petition for failure to exhaust his administrative remedies.[2]

Even if Khan had not failed to exhaust his administrative remedies, his Fifth Amendment claim is without merit. There is no evidence the IJ or BIA required that Khan waive his right against self-incrimination before allowing him to argue for a waiver of inadmissability. The record shows that the IJ and the BIA had extensive testimony and evidentiary submissions with which to conclude that the reasons for removing Khan outweighed the equities in favor of him remaining in the country. Therefore, Khan has failed to raise a substantial constitutional argument that affects our limited jurisdiction to review the BIA's deportation order.

Accordingly, the petition is dismissed.

**PETITION DISMISSED**.

---

[2] In his reply brief, Khan argues that he has raised a substantial question of law, which is whether the IJ impermissibly used Khan's decision to remain silent as the major reason for denying his waiver of inadmissibility and ordering his removal. This argument is without merit. First, the invocation of a person's Fifth Amendment right against self-incrimination in a removal proceeding may be the basis of an adverse inference. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1043-44, 104 S. Ct. 3479, 3486, 82 L. Ed. 2d 778 (1984). Second, even if the IJ did make an adverse inference against Khan for his initial choice to remain silent, there is no evidence that this was the major reason for denying his waiver of inadmissability and ordering his removal.