United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61152
Summary Calendar

JAMAL M. AWAD,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 451 734
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jamal M. Awad seeks review of the order of the Board of
Immigration Appeals (BIA) denying his claims for withholding of
removal and relief under the Convention Against Torture (CAT) and
denial of a motion to reopen based on ineffective assistance of
counsel.  The petition is denied.

     Because Awad did not file a separate petition for review of
the BIA's July 25, 2005, order affirming the IJ's denial of
withholding of removal and CAT relief, and because he identified
no factual or legal errors in the IJ's order in his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reopen, his claims regarding withholding of removal and CAT relief are not properly before the court.  See Stone v. INS, 514 U.S. 386, 394 (1995).  Accordingly, we address only Awad's claims of ineffective assistance of counsel.  We decline the Government's invitation to decide whether an alien has a due process right to counsel in removal proceedings.  See Mai v. Gonzales, 473 F.3d 162, 165 (5th Cir. 2006).

We have jurisdiction pursuant to 8 U.S.C. § 1252, as amended by the REAL ID Act.  See id. at 165.  We review the BIA's denial of a motion to reopen for abuse of discretion.  See Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993).

Awad has failed to meet the standard for ineffective assistance of counsel, which requires that Awad establish both deficient performance and resulting prejudice.  In re Lozada, 19 I. & N. Dec. 637, 638 (BIA) (1988).  With respect to Awad's contention that his counsel failed to put on evidence that Awad was either a United States citizen or national, the BIA correctly determined that Awad had failed to establish that he had completed the naturalization process.  There was no evidence that the application had been approved, and Awad admitted that he had not taken a public oath of citizenship, a prerequisite to naturalization.  See 8 U.S.C. § 1448; see also Okafor v. Gonzales, 456 F.3d 531, 533-34 (5th Cir. 2006).  Thus, counsel's failure to put on evidence of citizenship or nationality was neither deficient nor prejudicial.

Awad's contentions regarding counsel's failure to request a private hearing, failure to object that the IJ did not consider a letter from Amnesty International, and withdrawal from representation during his appeal likewise fail. Awad offers nothing more than conclusory assertions that counsel's actions or omissions prejudiced him in any way.

For the foregoing reaons, Awad's petition for review is denied. His motion for production of his citizenship files is denied as this court is not the appropriate forum for such a motion. Awad's motion for appointment of counsel is denied.

PETITION FOR REVIEW DENIED; MOTION FOR PRODUCTION OF DOCUMENTS DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.