[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14200
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2011
JOHN LEY
CLERK

Agency No. A079-061-829

KAP SUN BUTKA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 26, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kap Sun Butka, a native and citizen of South Korea, petitions this Court for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") final order of removal and denying her application for adjustment of status, INA § 245(a), 8 U.S.C. § 1255(a). Butka argues that the government should be equitably estopped from seeking to remove her on the basis of a prior drug conviction because the government earlier admitted her into the United States despite that conviction. Butka also contends that the IJ violated her right to due process by denying her application for adjustment of status without holding a hearing and without giving her an opportunity to apply for voluntary departure. For the reasons stated below, we deny the petition for review.

I.

The Department of Homeland Security issued a Notice To Appear to Butka, alleging that she was a native and citizen of South Korea who was admitted to the United States in October 1981 as a nonimmigrant visitor for pleasure, for a temporary period not to exceed six months. The notice further stated that Butka had been convicted in the Criminal District Court of Seoul, South Korea, for the offense of possession of 105 grams of marijuana. The notice charged that Butka was subject to removal under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who had been convicted of a controlled

substance offense. The judgment from Butka's 1977 drug conviction revealed that she had been convicted of possessing 105 grams of hemp.

Butka submitted a written pleading admitting the allegations in the notice to appear and conceding removability. She filed an application for adjustment of status pursuant to 8 U.S.C. § 1255(a), and requested a merits hearing. Butka also applied for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), seeking to waive her drug conviction.

At a master calendar hearing, the Department of Homeland Security served Butka with a Form I-261 listing an additional charge of removability. The Form I-261 alleged that Butka had remained in the United States after expiration of her visa, and was removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien present in the United States in violation of the INA or any other law of the United States. Butka requested additional time to answer the new charge, so the IJ directed Butka to submit a written pleading by February 28, 2009, responding to the new charge and identifying any forms of relief that she wished to request. The IJ asked Butka to state in her response whether a hearing would be needed.

After the February 28, 2009, deadline passed without a response from Butka, the IJ issued a written decision pretermitting Butka's request for a § 212(h) waiver and denying her application for adjustment of status. The IJ concluded that

Butka was not eligible for adjustment of status because her prior drug conviction rendered her inadmissible. The IJ further noted that Butka's drug conviction could not be waived under § 212(h) because it involved more than 30 grams of marijuana. The IJ observed that Butka had not formally applied for voluntary departure, and, in any event, the IJ determined that Butka was ineligible for voluntary departure because she had not provided the government with a travel document such as a passport that would be sufficient for admission to a foreign country. Accordingly, The IJ ordered that Butka be removed to South Korea.

Butka appealed to the BIA, but the BIA dismissed her appeal. The BIA observed that Butka was ineligible for adjustment of status due to her conviction for a controlled substance violation. The BIA further noted that Butka could not seek a waiver under § 212(h) because her conviction had involved more than 30 grams of marijuana. In addition, the BIA concluded that the IJ did not violate Butka's right to due process by issuing a removal order without holding a hearing. The BIA pointed out that Butka had failed to comply with the IJ's instructions to file a written pleading identifying any forms of relief that she was seeking. In light of Butka's failure to file a response, the BIA determined that it was reasonable for the IJ to conclude that she was not requesting voluntary departure.

II.

As an initial matter, we note that we have jurisdiction over Butka's petition. As a general matter, we may not review a final order of removal entered against an alien such as Butka who has been found to be removable based on a conviction for a criminal offense. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). We do have jurisdiction, however, to review constitutional claims and questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Here, Butka only raises legal and constitutional arguments, so 8 U.S.C. § 1252(a)(2)(C) does not preclude us from exercising jurisdiction over her claims.

"Whether equitable estoppel should apply is a legal question that we review *de novo*." *Tovar-Alvarez v. U.S. Att'y Gen.*, 427 F.3d 1350, 1353 (11th Cir. 2005). Neither this Court nor the Supreme Court has definitively held that the doctrine of equitable estoppel is applicable to immigration proceedings. *See Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1318-19 (11th Cir. 2006) (noting that "it is far from clear that the doctrine of equitable estoppel may be applied against a government agency," and pointing out that the Supreme Court has, in several immigration cases, specifically declined to apply estoppel against the government). Assuming that equitable estoppel can be applied in an immigration case, a petitioner must establish three elements in order to invoke it: "'(1) words, conduct, or acquiescence that induces reliance; (2) willfulness or negligence with regard to the

acts, conduct, or acquiescence; [and] (3) detrimental reliance.'" *Id.* at 1319

(quoting *United States v. McCorkle*, 321 F.3d 1292, 1297 (11th Cir. 2003))

(alteration in original). In addition, the petitioner must demonstrate that the

government engaged in affirmative misconduct—a showing of negligence or mere

inaction is insufficient. *Id.*

Here, even assuming without deciding that equitable estoppel may be

applied against the government in the immigration context, Butka has not

established the elements of an estoppel claim. First, she has not shown that the

government's initial decision to admit her into the United States was due to

affirmative misconduct, rather than to inaction or negligence. *See id.* In addition,

Butka did not suffer any legal detriment as a result of the government's decision to

admit her into the United States. *See id.* (explaining that an alien who had

mistakenly been granted adjustment of status could not invoke equitable estoppel

to bar his removal because he had received a benefit from the government's earlier

mistake, rather than suffering a detriment). Thus, Butka's equitable estoppel claim

fails.

## III.

We review constitutional challenges *de novo*. *Lapaix v. U.S. Att'y Gen.*,

605 F.3d 1138, 1143 (11th Cir. 2010). Aliens in removal proceedings are entitled

to due process of law, meaning that they must be given both notice and an opportunity to be heard. *Id.* "To establish a due process violation, the petitioner must show that she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice." *Id.* "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Id.*

An alien seeking adjustment of status must show that she is eligible to receive an immigrant visa, and is admissible for permanent residence. INA § 245(a), 8 U.S.C. § 1255(a). Thus, aliens who are inadmissible based on criminal convictions may not receive adjustment of status. The Attorney General may waive certain convictions that normally would render an alien inadmissible. INA § 242(h), 8 U.S.C. § 1182(h). Among other things, the Attorney General may waive an alien's prior conviction for a controlled substance offense involving the possession of 30 grams or less of marijuana. *See* INA § 242(a)(2)(A)(i)(II) and (h), 8 U.S.C. § 1182(a)(2)(A)(i)(II) and (h).

In this case, the IJ did not violate Butka's right to due process by issuing a removal order without holding a merits hearing. First, the IJ gave Butka a sufficient opportunity to apply for voluntary departure. At the master calendar hearing, the IJ directed Butka to submit a written pleading identifying the forms of

7

relief that she was requesting. When Butka failed to file any such pleading by the deadline set by the IJ, it was reasonable for the IJ to conclude that she did not intend to request voluntary departure.

In addition, the IJ did not have to hold a hearing on Butka's application for adjustment of status because the documentary evidence clearly established that she was not eligible for that form of relief. Butka admitted that she had a prior conviction for possession of 105 grams of marijuana. That conviction could not be waived under § 212(h) because it involved more than 30 grams of marijuana. *See* INA § 212(h), 8 U.S.C. § 1182(h). Butka's conviction rendered her inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), making her ineligible for adjustment of status. *See* INA § 245(a), 8 U.S.C. § 1255(a) (explaining that an alien must be admissible in order to receive adjustment of status). Because the outcome of the proceedings would not have changed had the IJ held a hearing, Butka was not substantially prejudiced by the IJ's decision not to hold one. *See Lapaix*, 605 F.3d at 1143.

Accordingly, after review of the record and the parties' briefs, we deny the petition for review.

**PETITION DENIED.**